Charles Trudrung Taylor, #127105
Philip A. Martinez, #235989
Lang, Richert & Patch
Post Office Box 40012
Fresno, California 93755-0012
(559) 228-6700 Phone
(559) 228-6727 Fax
Email: ctt@lrplaw.net
       pam@lrplaw.net

Attorneys for Defendant DJ FORRY COMPANY, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIDGE PARTNERS, L.P., A CALIFORNIA LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>DJ FORRY COMPANY, INC., A CALIFORNIA CORPORATION; and 1 through 50, inclusive,<br><br>Defendants. | Fresno Superior Court Action No. 12 CE CG 02474<br><br>**NOTICE OF REMOVAL ACTION 28 U.S.C. § 1441(a)**<br><br>**(FEDERAL QUESTION)** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Defendant DJ FORRY COMPANY, INC., ("Defendant") through its attorneys of record, hereby provides notice of the removal of this case from the Superior Court of the State of California, in and for the County of Fresno to this Court. The removal is based on this Court having jurisdiction pursuant to 28 U.S.C. Section 1441(a).

**PLEADINGS AND PROCEEDINGS TO DATE**

1. Plaintiff ("Plaintiff") commenced this action on August 8, 2012, against Defendant, DJ FORRY COMPANY, INC., in the Superior Court of the State of California, in and for the

1  County of Fresno (the "State Court"), entitled "*SANDRIDGE PARTNERS, L.P., a California*
2  *Limited Partnership, Plaintiff, v. DJ FORRY COMPANY, INC., a California corporation, and*
3  *DOES 1 through 50, inclusive, Defendants*," and denominated as Fresno Superior Court Case No.
4  12CECG02474.  Defendant believes that the documents contained in **Exhibit "A"** contain the
5  complete record of filings made in the Fresno Superior Court.

6  2. Defendant acknowledged service of the Summons and Complaint on September 6,
7  2012, and therefore this removal is timely under 28 U.S.C. Section 1446(b).

8  3. On October 5, 202, Defendant filed an Answer in the State Court action**,** which is
9  included in **Exhibit "A."**

10  4. The Complaint alleges that Plaintiff is a farming entity which grows and sells a
11  variety of farm products and that Defendant is a marketer of agricultural products.  Plaintiff alleges
12  that Plaintiff developed the "Buena Vista" label and the "Kern River" label (collectively referred
13  to as "Labels") for use on marketing Plaintiff's fruit.  Plaintiff alleges that it owns these Labels and
14  the marks represented by such Labels.

15  5. The Complaint alleges that Defendant adopted use of the Labels and marks with the
16  intent that consumers would believe that Defendant's products were sponsored, associated or
17  affiliated in some way with Plaintiff and its products.  The Complaint alleges that such use and
18  intent will irreparably injure Plaintiff and is in violation of Plaintiff's rights.

19  6. Plaintiff's Complaint alleges the following six causes of action: Trademark
20  Infringement, False Designation of Origin, Common Law Unfair Competition, California Unfair
21  Competition, California Anti-Dilution Violation, and Breach of Fiduciary Duty.

22  **FEDERAL QUESTION JURISDICTION EXISTS**

23  7. This Court has jurisdiction to entertain the present suit under 28 U.S.C. Section
24  1441(a), which allows a defendant to remove any civil suit brought in state court, when "the district
25  courts of the United States have original jurisdiction . . . ."

26  8. This Court has original jurisdiction under 15 U.S.C. Section 1121, which provides
27  that: "[t]he district and territorial courts of the United States shall have original jurisdiction . . . of
28  all actions arising under this Act, without regard to the amount in controversy or to diversity . . . ."

1  The "Act" referred to in this section is Title 15, Chapter 22, of the U.S. Code, which is popularly
2  known as the "Lanham Act," and which appears generally as 15 U.S.C. sections 1051 *et seq*.  The
3  present suit arises under this Act.

4        9.      In Paragraph 17 of the Complaint, Plaintiff alleges that Defendant's use of the Labels
5  is a "false designation of origin or representation" and that Defendant's use of the Labels is likely
6  to deceive consumers into believing that Defendant's products are those of, or associated with
7  Plaintiff. In Paragraph 18 of the Complaint, Plaintiff alleges such use of the Labels is "in violation
8  of state and **federal law**."  (Plaintiff's *Complaint for Injunctive Relief and Damages*, at 5:5)
9  [Emphasis added.]

10        10.      Plaintiff's second cause of action for "False Designation of Origin" arises under the
11  Lanham Act, thereby giving original jurisdiction to this Court. There is no recognized State cause
12  of action or remedy for "False Designation of Origin." Rather, the cause of action for "False
13  Designation of Origin" arises solely under 15 U.S.C. Section 1125 (a)(1)(A)-(B), which states:

14       Any person who, on or in connection with any goods or services, or any container
15       for goods, uses in commerce any . . . false designation of origin . . . shall be liable
16       in a civil action by any person who believes that he or she is or is likely to be
17       damaged by such act.

18  Plaintiff's second cause of action for False Designation of Origin arises under, and is remedied
19  through the Lanham Act. Thus, this Court has proper jurisdiction under 15 U.S.C. Section 1121.

20        11.      Paragraph 18 of the Complaint alleges that Defendant's use of the Labels constitutes
21  "unfair competition in violation of state and **federal law**." (Plaintiff's *Complaint for Injunctive*
22  *Relief and Damages*, at 5:5) [Emphasis added.] While a cause of action for Unfair Competition may
23  arise under state law, Plaintiff's Complaint asserts a cause of action and seeks remedy for unfair
24  competition under both state and federal law. The federal cause of action for Unfair Competition
25  also arises under and is remedied through, 15 U.S.C. Section 1125 (a)(1)(A)-(B). Because Plaintiff's
26  second cause of action for Unfair Competition is an assertion of a federal right arising under the
27  Lanham Act, this Court has original jurisdiction.
28  ///

12. Relevant case law provides additional support for this Court's assertion of jurisdiction over this suit. In *Ronson Art Metal Works, Inc. v. Hilton Lite Corp*, the United States District Court for the Northern District of California addressed the propriety of federal jurisdiction for an unfair competition cause of action. *Ronson Art Metal Works, Inc. v. Hilton Lite Corp*, 111 F. Supp. 691, 693 (1953). The *Ronson* court held "if the alleged unfair competition . . . affected the plaintiff's interstate business, then jurisdiction in such a case is unequivocally granted to the federal courts." *Ronson*, 111 F. Supp. at 693. Moreover, this statement of law is true even where the unfair competition occurs locally, i.e., the defendant's transactions are only in intrastate business, yet the plaintiff's interstate business is still clearly affected. *Id*.

13. In the present case, Paragraph 18 of the Complaint specifically alleges that Defendant has engaged in unfair competition. In Paragraph 7, Plaintiff also asserts that it has represented and marketed the Labels and Plaintiff's products to customers "throughout the United States and internationally" and such Labels have become a symbol of the Plaintiff and Plaintiff's products. (Plaintiff's *Complaint for Injunctive Relief and Damages*, at 2:21-22.) In Paragraph 17 of the Complaint, Plaintiff alleges that Defendant's use of these same Labels constitutes unfair competition, as it will confuse and deceive Plaintiff's consumer base and, as a result, is likely to divert, or has already diverted, consumers away from Plaintiff's products.

14. Plaintiff alleges that its consumer base, which is spread throughout the United States and internationally, has been or is likely to be diverted away from Plaintiff's products. If such allegations are true, diversion of Plaintiff's consumer base would be adverse to Plaintiff's interstate business. Because Defendant's alleged unfair competition has an adverse effect on Plaintiff's interstate business, this Court has jurisdiction over the present matter under *Ronson*.

15. This Court also has proper jurisdiction to entertain Plaintiff's alleged causes of action arising purely under State law. Under 28 U.S.C. Section 1367(a):

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1  The State law claims alleged in this Complaint arose from the same facts and transactions in the
2  Complaint which makes out the federal claim, i.e., they arose from a "common nucleus of operative
3  facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). As such, this Court has proper
4  jurisdiction to entertain this entire suit under 28 U.S.C. Section 1367(a).

5                                         **VENUE**

6         16.    The State Court action is currently pending in the Superior Court of the State of
7  California, in and for the County of Fresno, and therefore, venue in this Court and Division is
8  proper pursuant to 28 U.S.C. Section 84(b), 28 U.S.C. Section 1391(a) and Local Rule 120(d).

9         17.    WHEREFORE, Defendant prays that this action be removed from the Superior Court
10  of the State of California, County of Fresno to the United States District Court of the Eastern
11  District of Californian, and for such further relief as may be just and proper.

12         18.    Pursuant to 28 U.S.C. Section 1446(d), Defendant is filing written notice of this
13  removal with the clerk of the Superior Court of the State of California, Fresno County. Copies of
14  the Notice of Removal are also being served on Plaintiff at that address listed in their Complaint.

15         19.    This Notice of Removal is filed subject to and with full reservation of rights,
16  including but not limited to, defenses and objections to venue, improper service of process, and
17  personal jurisdiction. No admission of fact, law or liability is intended by this Notice of Removal,
18  and all defenses, motions and pleas are expressly reserved.

19                                         Respectfully submitted,
20  Dated: October 5, 2012
                                            LANG, RICHERT & PATCH, P.C.
21
22                                         By: /s/
                                               Charles Trudrung Taylor
23                                             Attorneys for Defendant
                                               DJ FORRY COMPANY, INC.
24
25
26
27
28