# EXHIBIT "A"

Case 1:12-cv-01660-BAM   Document 1-1   Filed 10/05/12   Page 2 of 33

## Report Selection Criteria

**Case ID:** 12CECG02474
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

| | |
|---|---|
| **Case ID:** | 12CECG02474 - Sandridge Partners LP vs DJ Forry Company Inc. - -*NON JURY-* |
| **Filing Date:** | Wednesday, August 08th, 2012 |
| **Type:** | 19 - Intellectual property |
| **Status:** | NAR - Notice and acknowledge rcpt |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| Case Management Conference | 17-DEC-2012 10:00 AM | Central Division | Judith Soley Conference Room | Case Management, Conference |

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | Civil Judge For All Purposes | MWS | **Snauffer, Mark W** |
| **Address:** | *unavailable* | | **Aliases:** | | *none* |
| | | | | | |
| 2 | 3 | | Plaintiff | @3291388 | **Sandridge Partners LP** |
| **Address:** | *unavailable* | | **Aliases:** | | *none* |
| | | | | | |
| 3 | | | Petitioner/Plaintiff's Atty | 100013 | **Agrall, Tracy A.** |

| Address: | P.O. Box 27337 Fresno CA 93729-7337 | Aliases: | none |
| --- | --- | --- | --- |

| 4 | | | Defendant | @3291389 | DJ Forry Company Inc |
| --- | --- | --- | --- | --- | --- |
| **Address:** | *unavailable* | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date | Description | Name | Monetary |
| --- | --- | --- | --- |
| 08-AUG-2012 01:27 PM | New Civil Case Filed | | |
| **Entry:** | dhouston | | |
| | | | |
| 08-AUG-2012 01:27 PM | Civil complaint filed | Sandridge Partners LP, | |
| **Entry:** | dhouston | | |
| | | | |
| 08-AUG-2012 01:27 PM | Summons filed | Sandridge Partners LP, | |
| **Entry:** | Summons on Complaint filed. dhouston | | |
| | | | |
| 08-AUG-2012 01:27 PM | Civil case cover sheet | Sandridge Partners LP, | |
| **Entry:** | Civil Case Cover Sheet dhouston | | |
| | | | |
| 08-AUG-2012 01:29 PM | Notice of Case Mgnt Conf | | |
| **Entry:** | Docket entry for the letter produced from CSAEVNT on 08-AUG-2012 by DHOUSTON. | | |
| | | | |
| 08-AUG-2012 01:30 PM | Payment | Sandridge Partners LP, | |

| | | | |
|---|---|---|---|
| **Entry:** | A Payment of -$435.00 was made on receipt CVCE167691. | | |
| | | | |
| 12-SEP-2012 02:01 PM | Notice and acknowledge rcpt | | |
| **Entry:** | Notice and acknowledgement of receipt of summons and complaint filed, signed on 9/6/12. (no POS 010 attached) lmi | | |
| | | | |

▶ Search Home    ▶ New Search    ▶ Report Selection    ▶ Case Description

▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

(c) Copyright 1998 Systems and Computer Technology, Inc. SCT, the SCT logo, and Banner are registered trademarks. CourtConnect is a trademark of SCT. This contains trade secrets and is subject to a confidentiality agreement. The unauthorized possession, use, reproduction, distribution, display, or disclosure of this material or the information contained herein is prohibited. All rights reserved. User Accepts/Agrees to Disclaimer. Not for official use.

1  Tracy A. Agrall (SBN 100013)
   Bruce M. Brown (SBN 075943)
2  WILD, CARTER & TIPTON
   A Professional Corporation
3  246 West Shaw Avenue
   Fresno, California 93704
4  Telephone: (559) 224-2131
   Facsimile: (559) 229-7295
5
   Attorneys for Plaintiff
6  Sandridge Partners, L.P.

7

8            **SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**

9                          **CENTRAL DIVISION**

10 SANDRIDGE PARTNERS, L.P., a          )   Case No.:  `12 CE CG 02474`
   California Limited Partnership,       )
11                                       )   **COMPLAINT FOR INJUNCTIVE**
                                         )   **RELIEF AND DAMAGES**
12                   Plaintiff,          )
                                         )
13      v.                               )
                                         )
14 DJ FORRY COMPANY, INC.,  a            )
   California corporation, and DOES 1    )
15 through 50, inclusive,                )
                                         )
16                   Defendants.         )
                                         )
17 _____      )

18 Plaintiff alleges that:

19           1.     Plaintiff SANDRIDGE PARTNERS, L.P. is and at all relevant times was,

20 a limited partnership, organized and existing under the laws of the State of California.

21           2.     Plaintiff is informed and believes and thereon alleges that Defendant

22 DJ FORRY COMPANY, INC., is a California corporation, duly authorized and existing under

23 the laws of the State of California.

24           3.     The true names and capacities of Defendants named as Does 1 through 50,

25 inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this complaint, setting forth

26 the true names and capacities of these fictitious defendants when they are ascertained.  Plaintiff is

27 informed and believes and thereon alleges that each of the fictitious defendants has participated

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  in the acts alleged in this complaint to have been done by the named defendants.

2          4.      Plaintiff is informed and believes and thereon alleges that, at all relevant

3  times, each of the defendants, whether named or fictitious, was the agent or employee of each of

4  the other defendants, and in doing the things alleged to have been done in the complaint, acted

5  within the scope of such agency or employment, or ratified the acts of the other.

6                              **COMMON ALLEGATIONS**

7          5.      Plaintiff is a farming entity which grows and sells a variety of farm

8  products.  Plaintiff is informed and believes and thereon alleges that Defendant is a marketer of

9  agricultural products.

10         6.      In 2010, Plaintiff hired Defendant as its agent to market and sell certain of

11 its fresh fruit.  In connection with this agreement, Plaintiff worked with Defendant to develop

12 labels for use by Defendant to market Plaintiff's fruit.

13         7.      In 2010,  Plaintiff developed the "Buena Vista" label for use on its

14 pomegranates exported to Korea.  In 2011, Plaintiff developed the "Kern River" label for use on

15 other pomegranates.  Copies of these labels ("Labels") are attached as Exhibit A.  Although

16 Defendant had input on the design, Plaintiff paid for the plates used to print the labels and at no

17 time relinquished ownership of the Labels or the marks represented by the labels.  Plaintiff has

18 devoted substantial time, effort and resources to the development and promotion of its fruit under

19 the Labels and the trademarks represented by the Labels.  Plaintiff has advertised, marketed and

20 distributed its products under the Labels and the trademarks represented by the Labels throughout

21 the United States and internationally.  Plaintiff's trademarks as represented by the Labels have

22 become, through widespread and favorable industry acceptance and recognition, an asset of

23 substantial value as a symbol of Plaintiff, its quality products and its good will.

24         8.      Plaintiff has recently learned that Defendant is using the Labels and has

25 filed applications to register the trademarks with the United States Patent and Trademark Office.

26 Defendant's application for the Buena Vista mark has been assigned Serial No. 85506300;

27 Defendant's application for the Kern River mark has been assigned Serial No. 85506336.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

9.     Plaintiff is informed and believes and thereon alleges that Defendant has adopted and plans to use the trademarks as represented by the Labels in the agricultural industry, despite Plaintiff's established common law rights in trademarks.  Further, Plaintiff is informed and believes, and on that basis alleges, that Defendant adopted its use of the marks  with full knowledge of Plaintiff's use and with the intention that consumers would be confused into believing that Defendant's products were sponsored, associated or affiliated in some way with Plaintiff and its products.

10.     Plaintiff has no control over the nature and quality of fruit Defendant may market under its Labels.  Any failure, neglect or default by Defendant in providing such fruit that was not supplied by Plaintiff will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its reputation for high quality products.  This will cause Plaintiff to lose sales and the benefit of its considerable expenditures to promote its products under the Labels and the marks represented in the Labels, all to Plaintiff's detriment.

11.     Because Plaintiff's and Defendant's products are directly competitive, it is natural for consumers to assume that said services and their sources are associated or affiliated.  Such a result significantly undermines Plaintiff's substantial efforts to establish its identity in this field.  Plaintiff has requested that Defendant cease and desist from using the Labels and infringing on Plaintiff's trademarks, but Defendant has refused to comply with said requests.  Despite Plaintiff's requests, Plaintiff is informed and believes and thereon alleges that Defendant, with actual notice of the infringement, willfully and blatantly continues to advertise and market its products under the Labels and the marks represented by the Labels.  Said acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights, and Plaintiff  has no adequate remedy at law.

///

///

///

# FIRST CAUSE OF ACTION

## Trademark Infringement

12.    Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 11 of this Complaint.

13.    Defendant's actions described above and specifically, without limitation, Defendant's use of the Labels and the marks represented by the Labels to promote its goods to the same audience as that for Plaintiff's goods constitutes trademark infringement.

14.    Defendant's adoption and use of the same Labels has caused and continues to cause irreparable injury to Plaintiff's name and mark, as well as to Plaintiff's business, goodwill and reputation. Defendant's actions, if not enjoined, will continue, including the sale of goods through the same channels of trade used by Plaintiff and to the same customers. Plaintiff has no adequate remedy at law in that the amount of damages is difficult to ascertain with certainty.

15.    As a result of Defendant's infringement of the Labels and the marks represented by the Labels, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of, and goodwill associated with, its mark.

# SECOND CAUSE OF ACTION

## (False Designation of Origin)

16.    Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 15 of this Complaint.

17.    The Labels and the marks represented by the Labels have become uniquely associated with, and hence identifies, Plaintiff. Defendant's use of the Labels is a false designation of origin, or a false representation, that wrongfully and falsely designates Defendant's products as originating from, or being connected with, Plaintiff, and constitutes the use of false descriptions or representations. Defendant's use is likely to deceive consumers into believing that Defendant's products are those of or associated with Plaintiff, and as a consequence, Defendant's

1   use is likely to divert, and has diverted, consumers away from Plaintiff's products.

2           18.   Defendant's actions described above and specifically, without limitation,

3   Defendant's use of the Labels and the trademarks represented by the Labels to promote its goods

4   to the same audience as that for Plaintiff's goods constitutes a false designation of origin and

5   unfair competition in violation of state and federal law.

6           19.   Defendant's adoption and use of the Labels have caused, and continues to

7   cause, irreparable injury to the value and goodwill of Plaintiff's marks, as well as to Plaintiff's

8   business, goodwill and reputation.  Defendant's actions, if not enjoined, will continue, including

9   the sale of its services through the same channels of trade used by Plaintiff and to the same

10  customers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its

11  damages is difficult to ascertain with certainty.

12          20.   As a result of Defendant's false designation of origin and unfair

13  competition, Plaintiff has incurred and will continue to incur damages in an amount to be proven

14  at trial consisting of, among other things, actual diversion of trade and diminution in the value of

15  the goodwill associated with its Labels and the marks represented by the Labels.

16                          **THIRD CAUSE OF ACTION**

17                          (Common Law Unfair Competition)

18          21.   Plaintiff incorporates herein all of the allegations contained in Paragraphs

19  1 through 20 of this Complaint.

20          22.   By virtue of Defendant's acts as pleaded above, Defendant has engaged in

21  unfair competition with Plaintiff.

22          23.   By virtue of Defendant's acts as pleased above, Plaintiff has suffered

23  damages in an amount to be proven at trial.

24                          **FOURTH CAUSE OF ACTION**

25                          (California Unfair Competition Law)

26          24.   Plaintiff incorporates herein all of the allegations contained in Paragraphs

27  1 through 23 of this Complaint.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

25.     By virtue of Defendant's acts as pleaded above, Defendant has engaged in unfair competition in violation of California Business and Professions Code §§17200, et seq.

26.     Defendant's acts of unfair competition and false advertising have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's marks, as well as to Plaintiff's business, goodwill and reputation. Defendant's actions, if not enjoined, will continue through the same channels of trade used by Plaintiff and to the same customers targeted by Plaintiff. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

27.     As a result of Defendant's acts of unfair competition and false advertising, Plaintiff has incurred damages in an amount to be proven at trial consisting of, among other things, actual diversion of its trade and diminution in the value of goodwill associated with Plaintiff and its marks.

### FIFTH CAUSE OF ACTION

(California Anti-Dilution Violation)

28.     Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 27 of this Complaint.

29.     Defendant's acts, as pleaded above, have caused injury and there exists a further likelihood of injury, to Plaintiff's business reputation and of dilution of the distinctive quality of Plaintiff's goods as marketed under the Labels and forms of advertisement of same, within California Business and Professions Code §14330.

### SIXTH CAUSE OF ACTION

(Breach of Fiduciary Duty)

30.     Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 29 of this Complaint.

31.     By virtue of the agency relationship between Plaintiff and Defendant, Defendant had a fiduciary duty to Plaintiff.

32.     Defendant breached this duty by, among other things, attempting to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

register the Labels and the marks represented by the labels as its owns property and trademarks with full knowledge that the Labels were Plaintiff's property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

1.    That Defendant, its officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a.    Using the Labels and the marks represented by the Labels or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify Defendant's goods or goods marketed by Defendant for any person other than Plaintiff;

    b.    Otherwise infringing Plaintiff's mark;

    c.    Unfairly competing with Plaintiff in any manner whatsoever; and

    d.    Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's symbols, labels, or forms of advertisement.

2.    That Defendant be directed to file with this Court and serve on Plaintiff within ten days after the service of the injunction herein, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

3.    For an order requiring Defendant to abandon the pending trademark applications noted above;

4.    For damages in excess of the jurisdictional limit of this court;

5.    For such other and further relief as the Court may deem just.

Dated: 8/8 , 2012

**WILD, CARTER & TIPTON,** a professional corporation

By: _____
Tracy A. Agrall, Attorneys for Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I am the _General Partner_ of Sandridge Partners, L.P., Plaintiff in the above-entitled proceeding. I have read the foregoing COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES and verify that the facts alleged are true to the best of my knowledge. As to facts that are alleged on the basis of information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document is executed on _August 7_, 2012, at _Sunnyvale_, California.

John Vidovich

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

# EXHIBIT A





**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

AUG 0 8 2012

FRESNO COUNTY SUPERIOR COURT
By_____
DEPUTY

**NOTICE TO DEFENDANT:** DJ Forry Company, Inc., a
*(AVISO AL DEMANDADO):* California corporation; and DOES
1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Sandridge Partners,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* L.P., a California
limited partnership

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso)* 12 CE CG 02474

Fresno County Superior Court
1130 "O" Street
1130 "O" Street
Fresno, 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
(559) 224-2131    (559) 229-7295

Tracy A. Agrall
Wild, Carter & Tipton
246 West Shaw Avenue

DATE:                    Clerk, by _____, Deputy
*(Fecha)* AUG 0 8 2012    *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Tracy A. Agrall
Wild, Carter & Tipton
246 West Shaw Avenue
Fresno, California 93704

TELEPHONE NO.: (559) 224-2131   FAX NO.: (559) 229-7295
ATTORNEY FOR (Name): Sandridge Partners, L.P.
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME:

CASE NAME: Sandridge v. DJ Forry

**FILED**

AUG 0 8 2012

FRESNO COUNTY SUPERIOR COURT
By_____
DEPUTY

CASE NUMBER: 12 CE CG 02474

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[x] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Six (6)

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 8, 2012

Tracy A. Agrall
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**CIVIL DEPARTMENT, CENTRAL DIVISION**<br>1130 "O" Street<br>Fresno, California  93724<br>(559) 457-2000 | |
| | Filed<br>   Fresno County |
| TITLE OF CASE:<br><br>**Sandridge Partners LP vs DJ Forry Company Inc.** | AUGUST    08, 2012<br><br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND**<br>**ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>   **12CECG02474 MWS** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Mark W Snauffer** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **DECEMBER  17, 2012** at **10:00 AM** in **104** located at **1130 'O' Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **August 8, 2012**        Clerk, by _____ , Deputy
                                                    D. Houston

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tracy Agrall SBN 100013<br>Wild, Carter & Tipton<br>246 West Shaw Avenue<br>Fresno, California 93704<br><br>TELEPHONE NO.: (559) 224-2131    FAX NO. *(Optional):*  (559) 229-7295<br>E-MAIL ADDRESS *(Optional):* tagrall@wctlaw.com<br>ATTORNEY FOR *(Name):* Sandridge Partners, L.P. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno |
|---|
| STREET ADDRESS: 1130 "O" Street |
| MAILING ADDRESS: 1130 "O" Street |
| CITY AND ZIP CODE: Fresno, 93721 |
| BRANCH NAME: Main |

| PLAINTIFF/PETITIONER: Sandridge Partners, L.P., a California<br>limited parnership |
|---|
| DEFENDANT/RESPONDENT: DJ Forry Co., Inc., John Forry and<br>Defendants 1-100, inclusive |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>12CECG02474 |
|---|---|

TO *(insert name of party being served):* <u>Charles Taylor, on behalf of DJ Forry Co., Inc.</u>

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: August 29, 2012

Tracy A. Agrall
_____                    ▶ _____
      (TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other: *(specify):* Civil Case Cover Sheet, Summons, Complaint, Notice of Case
   Management Conference and Alternative Dispute Resolution Information
   Packet.

*(To be completed by recipient):*
Date this form is signed: 9.6.12

Charles Trudrung Taylor
_____                    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
    ON WHOSE BEHALF THIS FORM IS SIGNED)                 ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

1 | Charles Trudrung Taylor, #127105
Philip A. Martinez, #235989
2 | Lang, Richert & Patch
Post Office Box 40012
3 | Fresno, California 93755-0012
(559) 228-6700 Phone
4 | (559) 228-6727 Fax
M:\19944\Pleadings\Answer (execution copy).wpd:tb

5

6 | Attorneys for Defendant DJ FORRY COMPANY, INC.

7

8 |                SUPERIOR COURT OF CALIFORNIA

9 |                     COUNTY OF FRESNO

10

11 | SANDRIDGE PARTNERS, L.P.,              Case No.  12 CE CG 02474
a California Limited Partnership
12 |                                        **DEFENDANT DJ FORRY COMPANY,**
                Plaintiff,                 **INC.'S VERIFIED ANSWER TO**
13 |                                        **COMPLAINT FOR INJUNCTIVE**
                                           **RELIEF AND DAMAGES**
14 | v.

15

16 | DJ FORRY, INC., a California corporation,
and DOES 1 though 50, inclusive,
17 |                Defendants.

18

19

20 |        Defendant, DJ FORRY COMPANY, INC., a California corporation ("Defendant"), for itself

21 | and no others, submits the following verified Answer to the verified Complaint (the "Complaint")

22 | of Plaintiff SANDRIDGE PARTNERS, L.P., a California limited partnership ("Plaintiff"):

23 |                        **COMMON ALLEGATIONS**

24 |        1.      In answering Paragraph 1 of the Complaint, Defendant is without sufficient

25 | knowledge or information to form a belief as to the truth of the allegations contained in said

26 | Paragraph, and on that basis denies each and every allegation contained therein.

27 |        2.      In answering Paragraph 2 of the Complaint, Defendant admits the allegations.

28 | ///

---

Defendant DJ Forry, Inc.'s Verified Answer                    -1-
to Complaint for Injunctive Relief and Damages

FILED

OCT 05 2012

FRESNO COUNTY SUPERIOR COURT
By_____
                              DEPUTY

3.     In answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

4.     In answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

5.     In answering Paragraph 5 of the Common Allegations of the Complaint, Defendant admits that it is the marketer of agricultural products, and with this exception, denies each and every matter, fact, and allegation contained therein and each and every part thereof, both generally and specifically.

6.     In answering Paragraph 6 of the Common Allegations of the Complaint, Defendant admits that it was hired to market and sell Defendant's fruit. Defendant also admits there was an agreement between Defendant and Plaintiff. With these exceptions Defendant denies each and every matter, fact and allegations contained therein and each and every part thereof, both generally and specifically.

7.     In answering Paragraph 7 of the Common Allegations of the Complaint, Defendant denies each and every matter, fact, and allegation contained therein, and each and every part thereof, both generally and specifically.

8.     In answering Paragraph 8 of the Common Allegations of the Complaint, Defendant admits it has filed applications to register trademarks with the United States Patent and Trademark Office and the assigned serial numbers are as stated in the Complaint. With these exceptions, Defendant denies each and every matter, fact, and allegation contained therein, and each and every part thereof, both generally and specifically.

9.     In answering Paragraph 9 of the Common Allegations of the Complaint, Defendant admits that it will use the trademarks in its industry. With these exceptions, Defendant denies each and every matter, fact, and allegation contained therein, and each and every part thereof, both generally and specifically.

///

10. In answering Paragraph 10 of the Common Allegations of the Complaint, Defendant denies each and every matter, fact, and allegation contained therein, and each and every part thereof, both generally and specifically.

11. In answering Paragraph 11 of the Common Allegations of the Complaint, Defendant alleges that paragraph 11 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 11.

## FIRST CAUSE OF ACTION

### (Trademark Infringement)

12. In answering Paragraph 12 of the First Cause of Action of the Complaint, Defendant incorporates its answers to Paragraphs 1 through 11 to the Common Allegations of the Complaint as if fully set forth herein.

13. In answering Paragraph 13 of the First Cause of Action, Defendant alleges that paragraph 13 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 13.

14. In answering Paragraph 14 of the First Cause of Action, Defendant alleges that paragraph 14 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 14.

15. In answering Paragraph 15 of the First Cause of Action, Defendant alleges that paragraph 15 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 15.

## SECOND CAUSE OF ACTION

### (False Designation of Origin)

16. In answering Paragraph 16 of the Second Cause of Action of the Complaint, Defendant incorporates its answers to Paragraphs 1 through 11 to the Common Allegations of the

1   Complaint, as if fully set forth herein.

2        17.     In answering Paragraph 17 of the Second Cause of Action, Defendant alleges that

3   paragraph 17 contains no factual averments, but merely states rhetorical conclusions to which no

4   response is required; however, to the extent that a response is required, Defendant denies the

5   allegations in paragraph 17.

6        18.     In answering Paragraph 18 of the Second Cause of Action, Defendant alleges that

7   paragraph 18 contains no factual averments, but merely states rhetorical conclusions to which no

8   response is required; however, to the extent that a response is required, Defendant denies the

9   allegations in paragraph 1.

10        19.     In answering Paragraph 19 of the Second Cause of Action, Defendant alleges that

11   paragraph 19 contains no factual averments, but merely states rhetorical conclusions to which no

12   response is required; however, to the extent that a response is required, Defendant denies the

13   allegations in paragraph 19.

14        20.     In answering Paragraph 20 of the Second Cause of Action, Defendant alleges that

15   paragraph 20 contains no factual averments, but merely states rhetorical conclusions to which no

16   response is required; however, to the extent that a response is required, Defendant denies the

17   allegations in paragraph 20.

### THIRD CAUSE OF ACTION

### (Common Law Unfair Competition )

20        21.     In answering Paragraph 21 of the Third Cause of Action of the Complaint, Defendant

21   incorporates its answers to Paragraphs 1 through 11 to the Common Allegations of the Complaint,

22   as if fully set forth herein.

23        22.     In answering Paragraph 22 of the Third Cause of Action of the Complaint, Defendant

24   alleges that paragraph 22 contains no factual averments, but merely states rhetorical conclusions

25   to which no response is required; however, to the extent that a response is required, Defendant

26   denies the allegations in paragraph 22.

27        23.     In answering Paragraph 23 of the Third Cause of Action of the Complaint, Defendant

28   alleges that paragraph 23 contains no factual averments, but merely states rhetorical conclusions

1  to which no response is required; however, to the extent that a response is required, Defendant

2  denies the allegations in paragraph 23.

3  ## FOURTH CAUSE OF ACTION

4  ### (California Unfair Competition Law)

5  24.    In answering Paragraph 24 of the Fourth Cause of Action of the Complaint,

6  Defendant incorporates its answers to Paragraphs 1 through 11 to the Common Allegations of the

7  Complaint, as if fully set forth herein.

8  25.    In answering Paragraph 25 of the Fourth Cause of Action of the Complaint,

9  Defendant alleges that paragraph 25 contains no factual averments, but merely states rhetorical

10  conclusions to which no response is required; however, to the extent that a response is required,

11  Defendant denies the allegations in paragraph 25.

12  26.    In answering Paragraph 26 of the Fourth Cause of Action of the Complaint,

13  Defendant alleges that paragraph 26 contains no factual averments, but merely states rhetorical

14  conclusions to which no response is required; however, to the extent that a response is required,

15  Defendant denies the allegations in paragraph 26.

16  27.    In answering Paragraph 27 of the Fourth Cause of Action of the Complaint,

17  Defendant alleges that paragraph 27 contains no factual averments, but merely states rhetorical

18  conclusions to which no response is required; however, to the extent that a response is required,

19  Defendant denies the allegations in paragraph 27.

20  ## FIFTH CAUSE OF ACTION

21  ### (California Anti-Dilution Violation)

22  28.    In answering Paragraph 28 of the Fifth Cause of Action of the Complaint, Defendant

23  incorporates its answers to Paragraphs 1 through 11 to the Common Allegations of the Complaint,

24  as if fully set forth herein.

25  29.    In answering Paragraph 29 of the Fifth Cause of Action of the Complaint, Defendant

26  alleges that paragraph 29 contains no factual averments, but merely states rhetorical conclusions

27  to which no response is required; however, to the extent that a response is required, Defendant

28  denies the allegations in paragraph 29.

## SIXTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

30.    In answering Paragraph 30 of the Sixth Cause of Action of the Complaint, Defendant alleges that paragraph 30 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 30.

31.    In answering Paragraph 31 of the Sixth Cause of Action of the Complaint, Defendant alleges that paragraph 31 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 31.

32.    In answering Paragraph 32 of the Sixth Cause of Action of the Complaint, Defendant alleges that paragraph 32 contains no factual averments, but merely states rhetorical conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations in paragraph 32.

### PRAYER FOR RELIEF

WHEREFORE, Defendant denies each and every, all and singular, generally and specifically, the allegations contained in the prayer for relief and in particular, deny that Plaintiff has been damaged in any sum, or at all, by this Defendant.

### AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

1.    Plaintiff's Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action in that the facts giving rise to and describing the alleged trademark infringement, false designation of origin, unfair competition, dilution and breach of fiduciary duty are not adequately stated in the Complaint.

///

///

///

1    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

2  CAUSE OF ACTION, DEFENDANT ALLEGES that:

3        2.    The acts of the fictitiously named Does 1 through 50, of which Plaintiff complains,

4  were all undertaken outside the scope of their agency and/or employment with Defendant and

5  without the knowledge or consent of this Defendant.  As a result, this Defendant may not be held

6  liable therefor.

7    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

8  CAUSE OF ACTION, DEFENDANT ALLEGES that:

9        3.    Plaintiff has intentionally abandoned the trademarks Buena Vista and Kern River.

10    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

11  CAUSE OF ACTION, DEFENDANT ALLEGES that:

12        4.    Plaintiff has misrepresented the source of goods and services in connection with

13  which the trademarks for Buena Vista and Kern River are used.

14    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

15  CAUSE OF ACTION, DEFENDANT ALLEGES that:

16        5.    Defendant's use of Buena Vista and Kern River are a use as other than a trade or

17  service mark in that Buena Vista and Kern River are descriptive of, and are used by Defendant fairly

18  and in good faith only to describe its goods.

19    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

20  CAUSE OF ACTION, DEFENDANT ALLEGES that:

21        6a.    Defendant first adopted the Buena Vista and Kern River trademarks to set up

22  marketing programs with Defendant's fruit so Defendant's customers could identify Defendant's

23  goods and services at least as early as September 15, 2010 with its Buena Vista trademark and at

24  least as early as September 15, 2011 with its Kern River trademark, without knowledge of

25  Plaintiff's prior use thereof.  The date of Defendant's adoption of its trademarks are prior to any

26  date of any similar trademark used by Plaintiff.

27        6b.    Defendant has used its Buena Vista and Kern River trademarks in connection with

28  its goods and services continuously since the date of first adoption, hereinabove alleged.

1    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

2    CAUSE OF ACTION, DEFENDANT ALLEGES that:

3        7.    Plaintiff is not entitled to exclusive use in commerce of the alleged trademarks

4    because they are functional, that is, they are used and have been used by Defendant to put similar

5    products to Plaintiff's for sale to fruit buyers.

6        AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

7    CAUSE OF ACTION, DEFENDANT ALLEGES that:

8        8.    Plaintiff consented to Defendant's use of the trademarks during (i) the period from

9    at least as early as September 15, 2010 as to the Buena Vista trademark to the present date; and (ii)

10   during the period from at least as early as September 15, 2011 as to the Kern River trademark to the

11   present date. Therefore, Plaintiff's action is barred by equitable principle(s) of estoppel.

12       AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

13   CAUSE OF ACTION, DEFENDANT ALLEGES that:

14       9.    Plaintiff's injuries, if any, were caused by the conduct of persons other than this

15   Defendant, over whom this Defendant had no right or power to control.  The conduct of said third

16   persons are an intervening and/or superseding cause of Plaintiff's injuries and damages, if any.

17       AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY

18   CAUSE OF ACTION, DEFENDANT ALLEGES that:

19       10.    The Complaint, and each and every cause of action contained therein, is barred, in

20   whole or in part, on the ground that Plaintiff has failed to mitigate its damages.

21       AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

22   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

23       11.    Plaintiff's claims are barred, in whole or in part, by California's applicable statutes

24   of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338,

25   339, and 343.

26       AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

27   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

28       12.    Plaintiff is not entitled to the relief requested in the Complaint because it does not

1    come to court with clean hands.

2         AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

3    EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

4         13.    By reason of Plaintiff's knowledge, statements, and conduct, Plaintiff is estopped

5    from asserting or has waived any of the claims which are the subject of the Complaint.

6         AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

7    EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

8         14.    The Complaint, and each and every cause of action contained therein, is barred, in

9    whole or in part, under the doctrine of laches.

10        AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

11   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

12        15.    Without admitting the occurrence of any of the acts alleged in the Complaint,

13   Defendant contends that Plaintiff consented to the acts alleged in the Complaint.

14        AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

15   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

16        16.    Defendant denies that Plaintiff has been damaged in any sum, or at all, as a result

17   of the actions of Defendant.

18        AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

19   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

20        17.    Plaintiff is barred by the doctrine of unclean hands in that Plaintiff, by its own

21   conduct, has acted in such a manner as to preclude any recovery against the Defendant.

22        AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

23   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

24        18.    Plaintiff was of, perceived, appreciated, comprehended and understood the relevant

25   terms, conditions and hazards, including the risk of pecuniary loss, associated with entering into the

26   agreement with Defendant. Despite its appreciation of such risk, Plaintiff unreasonably exposed

27   itself to the risk of harm, thereby causing and/or contributing to its own damages, if any. Plaintiff's

28   assumption of said risk bars any recovery herein, or diminishes their recovery to the extent the

1   alleged damages are attributed to Plaintiff's assumption of the risk.

2         AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

3   EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

4         19.    Plaintiff has waived its rights to bring this action against the Defendant, and is

5   barred from recovery, in whole or in part.

6         AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIFTH

7   CAUSE OF ACTION, DEFENDANT ALLEGES that:

8         20.    Plaintiff is prosecuting this litigation without probable cause against these

9   Defendants and with malicious intent.

10        AS A TWENTY FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

11  EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

12        21.    Defendant does not owe any unfulfilled duty or obligation to Plaintiff on any basis

13  whatsoever.

14        AS A TWENTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

15  AND EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

16        22.    Plaintiff does not have standing to bring this action.

17        AS A TWENTY THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

18  EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

19        23.    Plaintiff has intentionally abandoned the trademarks Buena Vista and Kern River.

20        AS A TWENTY FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

21  AND EVERY CAUSE OF ACTION, DEFENDANT ALLEGES that:

22        24.    Defendant presently has insufficient knowledge or information upon which to form

23  a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

24  Defendant reserves the right to assert additional affirmative defenses in the event discovery

25  indicates they would be appropriate.

26  ///

27  ///

28

---

1

## PRAYER

2    WHEREFORE, Defendant prays judgment against Plaintiff as follows:

3        1.    That Plaintiff take nothing by its action;

4        2.    For reasonable attorneys' fees to the extent recovery may be provided by

5    statute;

6        3.    For costs of suit incurred herein; and

7        4.    For such other and further relief as the court may deem just and proper in the

8    premises.

9    Dated: October ⁄⁄, 2012                LANG, RICHERT & PATCH, P.C.

10

11                                          By

12                                          Charles Trudrung Taylor
                                            Attorneys for Defendant
13                                          DJ FORRY, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, JOHN FORRY, declare:

I am the Vice President for DJ FORRY COMPANY, INC. in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing **VERIFIED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** and know the contents thereof. I am informed and believe that the matters stated therein are true and on that ground declare under penalty of perjury under the laws of the State of California that the same are true and correct.

Executed on ___10/4___, 2012, at ___Reedley___, California.

DJ FORRY COMPANY, INC., a
California corporation

By: _____
JOHN FORRY, Vice President

PROOF OF SERVICE
(Code Civ. Proc. §§ 1013a, 2015.5)

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno; I am over the age of 18 years and not a party to the within above-entitled cause; my business address is 5200 North Palm Avenue, Suite 401, Fresno, California 93704.

On the date of execution hereof, I served the foregoing document described as **DEFENDANT DJ FORRY COMPANY, INC.'S VERIFIED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope and addressed as follows:

Tracy Agrall, Esq.
Bruce M. Brown, Esq.
WILD, CARTER & TIPTON
246 West Shaw Avenue
Fresno, California 93704
(559) 224-2131
(559) 229-7295 FAX
Email: tagrall@wctlaw.com
       bbrown@wctlaw.com

[ ]   **(BY ELECTRONIC-MAIL)**

[X]   **(BY MAIL)** by placing the sealed envelope with the postage thereon fully prepaid for collection and mailing at our address shown above. I am readily familiar with Lang, Richert & Patch's business practice for collecting and processing correspondence for mailing with the United States Postal Service the same day.

[ ]   **(BY OVERNIGHT MAIL SERVICE)** by placing the sealed envelope for collection following our ordinary business practice for collecting and processing correspondence for mailing with ___***___ for overnight delivery.

[ ]   **(BY FACSIMILE)** In addition to service by mail as set forth above, the person(s) by whose name an asterisk is affixed was also forwarded a copy of said documents via facsimile, said transmission having been reported as complete and without error. A copy of the transmission report is attached hereto and made a part hereof.

[ ]   **(BY PERSONAL SERVICE)** I caused said envelope to be delivered by hand in a manner provided by law to the addressee, clerk or other person who was apparently in charge thereof and at least 18 years of age whom I informed of the contents.

I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED on October 4, 2012, at Fresno, California.

Tara Bohlander